IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY PLUMMER AND
CHRISTINE PLUMMER

        Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY

        Defendant.

Civil Action No. 2:13-cv-01579

MEMORANDUM OPINION

CONTI, Chief District Judge

**I. INTRODUCTION**

      Plaintiffs Gregory and Christine Plummer ("plaintiffs") sued defendant State Farm Fire and Casualty Company ("defendant") for failure to pay an insurance claim for roof damage caused by a severe weather event that plaintiffs allege was covered under their homeowners' insurance policy. Plaintiffs alleged three counts against the defendant: (1) breach of contract; (2) breach of duty of good faith and fair dealing; and (3) insurance bad faith under 42 PA. CONS. STAT. § 8371. (Notice of Removal ¶ 3, ECF No. 1.) Defendant filed a partial motion to dismiss targeting counts two and three for failure to state a claim for which relief could be granted. (Mot. to Dismiss ¶ 2, ECF No. 4.) Defendant's motion is now ripe for decision.

      The procedural history of this case is somewhat complex and therefore set forth here. Plaintiffs brought a claim for breach of contract against defendant in magisterial district court and were awarded damages and court costs on June 7, 2012. (Notice of Removal ¶ 1, ECF No. 1.) Defendant appealed to the Court of Common Pleas of Westmoreland County. (*Id.* ¶ 1.)

Plaintiffs filed a complaint on August 23, 2012, in the Court of Common Pleas of Westmoreland County, alleging three counts: (1) breach of contract; (2) breach of duty of good faith and fair dealing; and (3) insurance bad faith under 42 PA. CONS. STAT. § 8371. (*Id.* ¶ 3.)

Defendant removed the action to this court on September 12, 2012. (Civil Action No. 12-1311.) On October 31, 2012, both parties agreed to a stipulation dismissing without prejudice the counts of breach of duty of good faith and fair dealing and insurance bad faith, and the court remanded plaintiffs' action to state court. (*Id.* ¶ 5.) Arbitrators awarded plaintiffs $14,789 plus costs in a state court arbitration hearing on May 21, 2013. (*Id.* ¶ 6.) Defendant appealed from the arbitration award on June 18, 2013. (*Id.*)

Plaintiffs filed an amended complaint on October 10, 2013, in state court, realleging claims for breach of the duty of good faith and fair dealing and statutory insurance bad faith in addition to breach of contract. (*Id.* ¶ 7.) On October 30, 2013, defendant again removed plaintiffs' claim to this court. (*Id.* ¶ 24.)

On November 4, 2013, defendant filed the pending partial motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that plaintiffs' counts in their amended complaint for breach of duty of good faith and fair dealing and statutory bad faith failed to state claims for which relief could be granted. (Mot. to Dismiss ¶ 2, ECF No. 4.) A brief in support of defendant's partial motion to dismiss was concurrently filed by defendant. (*Id.* ¶ 6.) On December 19, 2013, plaintiffs filed a pro se brief in response to defendant's partial motion to dismiss. (Resp., ECF No. 9.)

## II. FACTS AS ALLEGED IN THE COMPLAINT

Plaintiffs bought a homeowner's insurance policy from defendant, which indemnified plaintiffs for damage caused by weather events such as wind, hail, and tornados in exchange for

premiums paid by plaintiffs. (*Id.* ¶¶ 5-7.) On March 23, 2011, a severe storm which, included high winds, hail, and a tornado, struck plaintiffs' home. (*Id.* ¶ 8.) Plaintiffs filed a claim with defendant, who found that plaintiffs' property was damaged and made a payment, less a deductible, for the damage. (*Id.* ¶¶ 9-10.) Plaintiffs alleged, however, that the damage to their home, particularly their roof, was more extensive than what defendant assessed. (*Id.* ¶¶ 11-12.) Defendant failed to pay for any roof damage despite being provided proof of damage and despite the damage being caused by an event covered by their policy. (*Id.* ¶ 12.)

Defendant paid a claim toward repairing the roof of a property directly across the street from plaintiffs' property, but failed to pay for similar damage to plaintiffs' home even though the same hailstorm damaged both properties. (*Id.* ¶¶ 23-24.) Plaintiffs allege defendant had no reasonable basis to pay for damage to the property across the street, but not to pay for damage to plaintiffs' property from the same incident. (*Id.* ¶ 25.)

## III. STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level"

3

and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556-57) (citation omitted).

Two working principles underlie *Twombly*. *Id.* First, with respect to mere conclusory statements, a court need not accept as true all the allegations contained in a complaint. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) Second, to survive a motion to dismiss, a claim must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed R. Civ. P. 8(a)(2)). A court considering a motion to dismiss may begin by identifying pleadings that are not entitled to the assumption of truth because they are mere conclusions. "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

4

## IV. DISCUSSION

Defendant argues that plaintiffs' claims for breach of duty of good faith and fair dealing and insurance bad faith under 42 PA. CONS. STAT. § 8371 must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state claims for which relief could be granted. Each of defendant's arguments is set out below.

### A. Breach of Duty of Good Faith and Fair Dealing

The first issue this court must decide is whether plaintiffs' breach of duty of good faith and fair dealing claim is barred under Pennsylvania law due to the contractual basis from which the claim springs and plaintiffs already asserting a breach of contract claim. Pennsylvania law contains a principle known as the gist of the action doctrine. This doctrine maintains the conceptual distinction between tort claims and breach of contract claims. *eToll, Inc. v. Elias/Savion Adver.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002). "As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." *Id.* Contract and tort actions are distinguished in that tort actions lie from the breach of duties imposed by social policy while contract actions lie for breach of duties imposed by mutual consensus. *Id.* Courts applying Pennsylvania's gist of the action doctrine have found that it precludes tort claims in which (1) the claim arose solely from a contract between parties; (2) the duties allegedly breached were created and grounded in the contract itself; (3) the liability stems from a contract; or (4) the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on contractual terms. *Id.* at 19 (citing authority).

The standard for determining whether a claim is barred by the gist of the action doctrine is whether the "'gist' or gravamen of [the claim] sounds in contract or in tort." *Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.*, 40 F. Supp. 2d 644, 651 (W.D. Pa. 1999). "Where the

5

duties of the parties are 'defined by the terms of the contract, and not by the larger social policies embodied in the law of torts[,]' the claim must be limited to a contract claim." *Timothy v. State Farm Fire & Cas. Co.*, No. 02:12-cv-732, 2012 WL 3648454, at *4 (W.D. Pa. Aug. 23, 2012) (quoting *Bash v. Bell Tel. Co. of Pa.*, 601 A.2d 825, 830 (Pa. Super. Ct. 1992)). Insurers have a duty to act in good faith and adjust claims that their customers have, as well as paying any claims that are lawfully due under insurance policies. *Allegrino v. Conway E&S, Inc.*, No. 09-1507, 2010 WL 3943939, at *9 (W.D. Pa. Oct. 6, 2010). The insurer also has a contractual duty to pay the insured for any losses caused by any covered causes under the insurance policy. *Id.*

*Timothy*, 2012 WL 3648454, at *1, is similar to the case-at-bar. The plaintiffs in *Timothy* alleged that their insurer breached the duty of good faith and fair dealing. *Timothy*, 2012 WL 3648454, at *2. The district court found in *Timothy* that "[a]bsent the insurance policy to which Plaintiffs and Defendant mutually assented, Defendant was under no obligation to perform . . . any of the actions that form the basis of Plaintiffs' breach of duty of good faith and fair dealing claim." *Id.* at *4. The court dismissed the plaintiffs' claim for breach of duty of good faith and fair dealing. *Id.*

Like the defendant in *Timothy*, defendant in the instant case would have no obligation to pay a claim to plaintiffs absent the insurance policy. Defendant insurer's duty to plaintiffs arises only from the contract between the parties. (Am. Compl. ¶¶ 5-6, ECF No. 1-3.) The duties plaintiffs allege defendant breached were grounded in the insurance contract itself, the possible liability of defendant arises from the insurance contract, and plaintiffs' claim that defendant breached the duty to act in good faith and fair dealing is a tort claim that essentially duplicates a breach of contract claim.

The reason that claims for breach of contract and breach of duty of good faith and fair dealing claims are unable to be brought simultaneously is because Pennsylvania law considers the claims equivalent. *See LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 391 (Pa. Super. Ct. 2008); *see also Somers v. Somers*, 613 A.2d 1211, 1215 (Pa. Super. Ct. 1992). In other words, "Pennsylvania Courts have consistently held . . . that a bad faith claim sounding in contract is subsumed within a breach of contract claim." *Fingles v. Continental Cas. Co.*, No. 08-05943, 2010 WL 1718289, at *3 (E.D. Pa. 2010); *see Burton v. Teleflex Inc.*, 707 F.3d 417, 432-33 (3d Cir. 2013) (finding that any claim for breach of the duty of good faith and fair dealing was subsumed into the plaintiff's claim for breach of contract). Since plaintiffs attempted to plead a common law tort for insurer bad faith by stating that the insurer breached the duty of good faith and fair dealing, this count is subsumed by plaintiffs' breach of contract count. This court will dismiss plaintiffs' breach of duty of good faith and fair dealing count; plaintiffs may prosecute their breach of contract claim.

This court must also determine whether the breach of duty of good faith and fair dealing count should be dismissed with prejudice. If a claim is futile, it should be dismissed with prejudice. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Futility" means that even if the complaint is amended, it would still fail to state a claim for which relief could be granted. *Id.* Even if plaintiffs amended their breach of duty of good faith and fair dealing count, the count would still be subsumed into the plaintiffs' breach of contract count because their claim sounds in contract, not tort. Therefore, plaintiffs' claim for breach of duty of good faith and fair dealing is dismissed with prejudice.

### B. Pennsylvania Statutory Bad Faith Claim

This court must decide whether plaintiff's claim under 42 PA. CONS. STAT. § 8371 for insurance bad faith will be dismissed. In reviewing a motion to dismiss, the court may consider only the well-pleaded facts in the complaint. For documents extraneous to the pleadings, courts generally should only consider "documents that are attached to or submitted with the complaint and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted) (quoting 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

Plaintiffs made factual assertions in their response to the motion to dismiss that were not asserted in the complaint and attached additional documents. Plaintiffs allege that thirteen of fifteen households on their street filed claims with their insurance companies, and they were all paid without dispute. (Resp. 1, ECF No. 9.) Plaintiffs state that the household directly across the street filed an insurance claim with defendant that was initially denied, but later was approved after a heated dispute with the homeowner and after multiple inspections by defendant. *Id.* Finally, plaintiffs allege that defendant agreed that hail severely damaged plaintiffs' aluminum gutters, metal furnace cap, and automobile, but denied that the major storm shortened the lifespan of their shingles. *Id.*

Plaintiffs attached several documents, including the notice of judgment from the magisterial district court, the entry of award from the arbitrators, a document describing the potential effect of hail impacts on roofs, and the insurance policy at issue in this case. *Id.* Insurance policies and brochures describing insurance policies or coverage may be considered by

the court if they are attached to the complaint. *See Chester Cnty. Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812-13 (3d Cir. 1990). Plaintiffs attached their insurance policy to their response brief to defendant's motion to dismiss instead of to their complaint. (Resp. 4-5, ECF No. 9-2.) Plaintiffs' additional facts were not pleaded in the complaint and their newly attached documents were not attached to the complaint, are not public records, are not subject to judicial notice, and do not appear in the record of the case. Therefore, the court cannot consider the additional facts plaintiffs refer to in their response brief or the documents attached to the brief in resolving the pending motion to dismiss.

Making a bad faith claim against an insurance company under the statute requires "clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew of or recklessly disregarded its lack of reasonable basis in denying the claim." *W.V. Realty Inc. v. N. Ins. Co. of N.Y.*, 334 F.3d 306, 312 (3d Cir. 2003). Bad faith is considered "'any frivolous or unfounded refusal to pay proceeds of a policy.'" *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005) (quoting *Terletsky v. Prudential Property & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). Mere negligence or bad judgment by an insurer is not bad faith. *Id.* Bad faith in the context of insurance is further explained as conduct importing a dishonest purpose and a breach of a known duty through a motive of self-interest or ill will. *Terletsky*, 649 A.2d at 688. A plaintiff cannot establish a bad faith claim through insinuation. *Id.*

Plaintiffs allege that defendant "acted in bad faith" through a long list of acts and omissions:

1. "By agreeing to provide insurance coverage and accepting payment for insurance coverage on Plaintiffs, [sic] home then refusing to provide said coverage under the terms of the agreement";

2. "By refusing to pay home owners' benefits in a timely fashion";

3. "By refusing to pay home owners' benefits pursuant to the policy of insurance";

4. "By unreasonably causing their insureds to pursue litigation, requiring the insureds to incur substantial counsel fees and costs, in order to attempt to obtain benefits to which the insureds are entitled";

5. "By unreasonably engaging in an adversarial relationship with their insureds and placing their insureds under duress instead of paying the benefits to which the insureds are entitled";

6. "By denying benefits when there is no reasonable basis for denial";

7. "By their frivolous and unfounded refusal to provide the benefits purchased";

8. "By acting with ill will, malicious intent and self-motive in the handling of Plaintiffs' claim";

9. "By failing to properly, timely and objectively investigate and evaluate Plaintiffs' claim";

10. "By engaging in an unreasonable, bad faith investigative practices in the handling of Plaintiffs' claim";

11. "By failing to conduct a proper, objective and reasonable investigation and analysis of the condition of the home and the cause if the damage to it";

12. "By unreasonably and unilaterally determining through its own agents, servants and employees that Plaintiffs were not entitled to complete coverage and compensation for their loss";

13. "By intentionally, maliciously, fraudulently and recklessly engaging in a course of conduct to deprive the insureds of benefits when Defendants knew or should have known benefits were due and owing";

14. "By subjecting Plaintiffs to harassment, inconvenience and embarrassment by not paying benefits due and owing for an excessive period of time."

(Am. Compl. ¶ 28 a-n.)

While plaintiffs' list of allegations against defendant is long, the allegations fall short because they are conclusions. A complaint must set forth more than "labels and conclusions," and plaintiffs' laundry list of conclusory statements in paragraph twenty-eight of their amended complaint is not a strong enough shield to withstand defendant's Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. "[G]eneralized accusations, without supporting facts setting forth 'who, what where, when, and how' the alleged bad faith occurred, are insufficient." *Merrill v. State Farm Fire & Cas. Co.*, Civil No. 12-1328, 2013 WL 588515, at *5 (W.D. Pa. Feb. 13, 2013). All of plaintiffs' well-pleaded allegations must be taken as true. *Higgins*, 281 F.3d at 388. For the statutory bad faith claim at issue, plaintiffs' only well-pleaded factual allegations are contained in paragraphs twenty-nine, thirty, and thirty-one of their amended complaint. (Am. Compl. ¶¶ 29-31, ECF No. 1-3.) Plaintiffs allege that their neighbor across the street received a claim payment from defendant for roof damage caused by the same storm that plaintiffs allege damaged their roof. (*Id.* ¶¶ 29-30.) The mere fact that defendant paid for one homeowner's claim while

rejecting plaintiffs' claim still fails to raise plaintiffs' entitlement to relief from a mere possibility to plausibility.

The court would have to speculate whether plaintiffs' roof had the same damage as the neighbors' roof, whether plaintiffs' roof had the same design as the neighbors' roof, or whether the storm's impact was the same for both roofs. The need to speculate about the comparisons gives rise to the need to conclude that the factual allegations in the complaint are insufficient to support a plausible bad faith claim, and this claim must be dismissed. Plaintiffs' claim, however, will be dismissed without prejudice. On or before July 24, 2014, plaintiffs may file an amended complaint if they are able to plead factual allegations which will allow this court to infer a plausible statutory bad faith claim against defendant.

## V. CONCLUSION

This court will grant defendant's Rule 12(b)(6) partial motion to dismiss plaintiffs' claims for breach of duty of good faith and fair dealing and statutory bad faith under 42 PA. CONS. STAT. § 8371. The breach of duty of good faith and fair dealing claim is dismissed with prejudice. The statutory bad faith claim under 42 PA. CONS. STAT. § 8371 is dismissed without prejudice. Defendant did not move to dismiss the claim for breach of contract, and that claim remains in the case.

An appropriate order will be entered.

Dated: June 27, 2014                    /s/ Joy Flowers Conti
                                        Joy Flowers Conti
                                        Chief United States District Judge